**Eduardo CRESPO–GOMEZ,**
**Petitioner-Appellee,**

v.

**Louis M. RICHARD, et al.,**
**Respondent-Appellant.**

**No. 85–8295**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 21, 1986.

---

Sharon Douglas Stokes, Nina R. Hickson, Asst. U.S. Attys., Atlanta, Ga., for respondent-appellant.

William C. Thompson, Jay Solomon, Atlanta, Ga., for amicus.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

## PER CURIAM:

The government asks us to reverse the order of the district court granting a preliminary injunction against deporting the appellee, and the court's subsequent order refusing to dissolve that injunction. Crespo-Gomez, the petitioner-appellee, arrived in the United States in May 1980 as part of the Freedom Flotilla from Cuba and was eventually paroled into this country pursuant to 8 U.S.C. § 1182(d)(5)(A). On May 5, 1983, appellee was convicted in California of two counts of possession of cocaine for sale; he was sentenced to one year in prison and four years probation. Thereafter, the immigration parole was revoked, and following an exclusion hearing pursuant to 8 U.S.C. § 1226, and 8 C.F.R. § 236 (1985), the immigration judge found the appellee to be an excludable alien.

The appellee sought a reopening of his exclusion hearing, arguing that he was entitled to asylum under 8 U.S.C. § 1253(h).[1] He also sought a stay of deportation from the Immigration and Naturalization Service

---

1. 8 U.S.C. § 1253(h) (1982) provides:

**(h) Withholding of deportation or return**

(1) the Attorney General shall not deport or return any alien (other than an alien described in section 1251(a)(19) of this title) to a country if the Attorney General determines that such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion.

(2) Paragraph (1) shall not apply to any alien if the Attorney General determines that—

(A) the alien ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion;

(B) the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States;

(C) there are serious reasons for considering that the alien has committed a serious non-political crime outside the United States prior to the arrival of the alien in the United States; or

(D) there are reasonable grounds for regarding the alien as a danger to the security of the United States.

(INS) district director. The district director denied the stay request, concluding that the petitioner's motion to reopen the exclusion hearing would be denied because of his prior criminal conduct. An immigration judge denied the petition to reopen for the same reason, and the Board of Immigration Appeals affirmed.

The appellee filed a habeas corpus petition in the district court challenging the district director's denial of a stay, and the district court issued a preliminary injunction preventing deportation of the appellee. *See* 8 U.S.C. § 1105a(b). The district director had found that the alien would be ineligible for asylum under section 1253(h) because he had been convicted of a particularly serious crime. 8 U.S.C. § 1253(h)(2)(B). The district court, however, concluded that 8 U.S.C. § 1253(h)(2)(B) requires two findings: that the petitioner has been convicted of a particularly serious crime and that he constitutes a danger to society. The district court also found that the statute requires articulation of reasons beyond the mere citation of a conviction. Accordingly, the court concluded that there was a reasonable possibility that the district director had abused his discretion and that the appellee would prevail on the merits.

The government then filed a motion to dissolve the preliminary injunction based on the decision of the Board of Immigration Appeals. The district court held that the Board of Immigration Appeals abused its discretion in finding that the appellee constitutes a danger to society within the meaning of 8 U.S.C. § 1253(h)(2)(B). The district court noted that the Board made no findings beyond pointing to the conviction, and that there was evidence in the record that the appellee was not a danger to society. The district court concluded that more factual findings were required before the appellee could be deported, and therefore refused to dissolve the stay.

■ The district court's issuance of the preliminary injunction on the ground that the district director abused his discretion was improper: the district director does not have authority to grant the stay relief requested by the petitioner. *Zardui-Quintana v. Richard*, 768 F.2d 1213 (11th Cir.1985) (district director may stay deportation of excludable alien only if deportation impractical or attorney general requests testimony of alien). Here, however, in its decision refusing to dissolve the preliminary injunction, the district court adopted a new ground for injunctive relief, concluding that the Board of Immigration Appeals abused its discretion in finding the appellee ineligible for asylum. The decision of the Board of Immigration Appeals is part of the record, and we conclude that the Board was within its discretion in finding the petitioner ineligible for asylum.

■ Judicial review of denials of discretionary relief incident to deportation proceedings, including denials of motions to reopen, is limited to determining whether there has been an exercise of administrative discretion, and whether the manner of exercise has been arbitrary or capricious. *Garcia-Mir v. Smith*, 766 F.2d 1478, 1491 (11th Cir.1985).

■ The district court's ruling that the Board did not make sufficient findings is based in part on an incorrect interpretation of the statute. The district court noted evidence in the record of the alien's youthfulness and family support which indicated he was not a "danger to the community," and ruled that the board needed to make further findings to support its conclusion that the alien was dangerous. The ruling is based on the district court's mistaken view that 8 U.S.C. § 1253(h)(2)(B) requires two separate findings: first that the alien committed a particularly serious crime, and second that the alien constitutes a danger. The statute, however, does not connect its two clauses with a conjunction; rather the statute sets forth a cause and effect relationship: the fact that the alien has committed a particularly serious crime makes the alien dangerous within the meaning of the statute. *Zardui-Quintana*, 768 F.2d 1213, 1222 (11th Cir.1985) (Vance, J., concurring in result). Accordingly, the only finding required by section 1253(h)(2)(B) is

that the alien has been convicted of a "particularly serious crime."

In our view the Board was not required to set forth detailed subsidiary findings of fact to support its legal conclusion. *See Zardui-Quintana,* 768 F.2d at 1223 (Vance, J., concurring in result); *see also Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 409–17, 91 S.Ct. 814, 820–24, 28 L.Ed.2d 136 (1971) (administrative agency need not always accompany its decisions with formal findings of fact). Nothing in the statutes or regulations requires detailed findings in a decision of the Board. When administrative discretion is exercised, findings are sufficient if the written decision of the administrative agency or the record of the administrative hearing sets out clearly the ground which forms the basis for the denial of the discretionary relief, so that a reviewing court is able to ascertain whether the decision is arbitrary or capricious. *Jarecha v. INS,* 417 F.2d 220, 225 (5th Cir.1969).[2] The Board, relying on 8 U.S.C. § 1253(h)(2)(B), stated that "[w]e are satisfied that his conviction was for a 'particularly serious crime', representing criminal behavior which 'constitutes a danger to the community' " and therefore appellee was not eligible for asylum. The Board set forth the ground for denying relief, the alien's conviction for possession of cocaine for sale, and noted Congress' particular concern with drug offenders. These findings were sufficient for purposes of judicial review, and we cannot say that the Board acted arbitrarily or capriciously in deciding that the alien's offense constituted a "particularly serious crime." Accordingly we vacate both orders of the district court.

In its order granting a preliminary injunction to appellee and several other petitioners, the district court also ordered the government to "provide this court with 72-hour notice prior to deporting any Mariel Cuban housed at the Atlanta Federal Penitentiary." The government challenges this

order as beyond the district court's authority because it applies to Mariel Cubans who have not in any way challenged their deportation.

The only authority the district court cited for the seventy-two hour order was Justice Rehnquist's opinion refusing to vacate a stay granted by this court in another case involving the class of Mariel Cubans. *Garcia-Mir v. Smith,* — U.S. —, 105 S.Ct. 948, 83 L.Ed.2d 901 (1985). In *Garcia-Mir,* this court's stay directed the government not to return to Cuba any class members claiming eligibility for asylum on the ground of a well-founded fear of persecution, unless the class member was returnable under 8 U.S.C. § 1253(h)(2). The district court here apparently believed that seventy-two hours notice was necessary to ensure the government obeyed the *Garcia-Mir* stay. This court has now decided *Garcia-Mir* on the merits, effectively eliminating the stay. *Garcia-Mir v. Smith,* 766 F.2d 1478 (11th Cir.1985). Because the cited basis of the district court's order in this case no longer obtains, we vacate the seventy-two hour provision without need to consider whether it was proper when issued.

VACATED.

**2.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.