Joel BLACKWOOD, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 86–5311

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 10, 1986.

Cathy Davis, Florida Rural Legal Services, Inc., Ft. Pierce, Fla., for petitioner.

Donald A. Couvillon, Allen W. Hausman, Dept. of Justice, Washington, D.C., for respondent.

Before HILL, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

In 1984, an immigration judge found the petitioner, Joel Blackwood, deportable as charged on the basis of his concessions at a hearing under section 241(a)(11) of the Immigration and Nationality Act (the Act), 8 U.S.C.A. § 1251(a)(11), as an alien convicted of a drug or marijuana related offense, but granted his request for relief from deportation under section 212(c) of the Act, 8 U.S.C.A. § 1182(c) (section 1182(c)). The Board of Immigration Appeals (the Board) reversed in 1986, determining that Blackwood's drug crime was a very serious negative factor that had not been outweighed by a showing of unusual or outstanding equities. We affirm the Board's decision.

Blackwood is a 42–year–old native and citizen of Jamaica, who was admitted to the United States for lawful permanent residence on December 5, 1973, as the spouse of a United States citizen, his former wife. Blackwood has a 12–year–old daughter by that marriage who lives with her mother. He contributes approximately twenty-five dollars per week for her support. Blackwood and his present wife, a native of Jamaica who is in the United States unlawfully, are the parents of an 8–year–old son. Blackwood also has four illegitimate children living in Jamaica. While in the United States, Blackwood has been employed as an agricultural laborer and longshoreman.

Blackwood is involved in these deportation proceedings as a result of a 1981 conviction in Superior Court, Forsyth County, North Carolina, of two counts of possession and trafficking in marijuana. He was sentenced to two consecutive five-year terms of imprisonment. Blackwood was paroled in late 1983 and placed in these deportation proceedings.

At the deportation hearing, Blackwood applied for relief under section 1182(c). That section provides, in pertinent part, that aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to certain specified grounds for exclusion enumerated in 8 U.S.C.A. § 1182(a). The grounds specified include an alien who has been convicted of a drug offense, as set forth in section 1182(a)(23).

Section 1182(c), however, does not provide an indiscriminate waiver for all who demonstrate statutory eligibility for such relief. Instead, the Attorney General or his delegate is required to determine as a matter of discretion whether an applicant warrants the relief sought. The alien bears the burden of demonstrating that his application merits favorable consideration.

In the instant case, the immigration judge, after considering evidence relating to Blackwood's drug crime, employment history, and family and community ties, concluded that "it is more socially desirable to let ... [Blackwood] remain in the United States since he is the sole support of his citizen children, than it is to have him deported to Jamaica." Blackwood was granted the waiver of deportation under section 1182(c).

The Board reversed, determining that Blackwood had not sustained his burden of establishing that he merits a grant of the relief sought under section 1182(c). Although the Board found the equities presented by Blackwood's family ties and relatively long residence in the United States substantial, it found them insufficient to overcome the serious drug crime he committed. The Board emphasized that the immigration laws clearly reflect the strong Congressional policy against lenient treatment of drug trafficking offenders. 8 U.S.C.A. §§ 1182(h), 1251(b), and 1251(f)(2). Further, they found that insufficient time had elapsed since Blackwood's release from custody to persuade them that Blackwood was genuinely rehabilitated. The Board

ordered Blackwood to be deported to Jamaica, the place of deportation designated by him.

 Judicial review of denials of discretionary relief incident to deportation proceedings is limited to determining whether there has been an exercise of administrative discretion, and whether the manner of exercise has been arbitrary or capricious. *Crespo-Gomez v. Richard,* 780 F.2d 932, 934 (11th Cir.1986); *Garcia-Mir v. Smith,* 766 F.2d 1478, 1490 (11th Cir. 1985). The standard of review remains unchanged by the disagreement between the immigration judge and the Board. If these two interpret the evidence differently, we cannot choose freely between the two interpretations. If the Board's decision is supported by substantial evidence, Congress has mandated that we defer to the Board and affirm. 8 U.S.C.A. § 1105a(a); *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951).

 Blackwood contends that he sustained his burden of establishing a grant of discretionary relief under section 1182(c) and the Board abused its discretion by not considering all the favorable factors presented on his behalf. When administrative discretion is exercised, as here, findings are sufficient if the written decision of the administrative agency or the record of the administrative hearing sets out clearly the ground which forms the basis for the denial of the discretionary relief, so that a reviewing court is able to ascertain whether the decision is arbitrary or capricious. *Crespo-Gomez,* 780 F.2d at 935; *Jarecha v. INS,* 417 F.2d 220, 225 (5th Cir.1969). The Board set forth the ground for denying relief, Blackwood's conviction for possession of and trafficking in marijuana, and noted Congress' particular concern with drug offenders. In deciding that the equities presented by Blackwood did not sufficiently outweigh the drug crime and conviction, the Board properly balanced all relevant factors in accordance with *Matter of Marin,* 16 I & N 581, 586 n. 4 (BIA 1978) (requiring a showing of unusual or out-

standing countervailing equities by applicants for discretionary relief who have been convicted of serious drug offenses, particularly those involving the trafficking or sale of drugs). Indeed, the immigration judge, in his oral decision, noted that Blackwood's behavior over the last seven years in the United States, "is clearly less than angelic." The Board's decision is consistent with their precedent. *Crespo-Gomez,* 780 F.2d at 934–35; *Cobourne v. I.N.S.,* 779 F.2d 1564 (11th Cir.1986); *Matter of Duarte,* 18 I & N 329 (BIA 1982).

In sum, there was sufficient evidence to support the Board's interpretation, and we cannot say that the Board acted arbitrarily or capriciously in deciding that Blackwood's crime was not outweighed by a showing of unusual or outstanding equities. Accordingly, we affirm the Board's decision denying relief under section 1182(c) and ordering the deportation of Blackwood to Jamaica.

AFFIRMED.