879 F.2d 863
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William George PAYNE, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 88-2207.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 8, 1989.
Decided: July 14, 1989.
 
 David Carliner (Carliner & Remes, P.C., on brief), for petitioner.
 Ellen Sue Shapiro (Office of Immigration Litigation, Civil Division; John R. Bolton, Assistant Attorney General, Civil Division; David J. Kline, Assistant Director, on brief), for respondent.
 Before K.K. HALL and WILKINS, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 William George Payne petitions for review of an order of the Board of Immigration Appeals denying him relief from deportation. We affirm.
 
 
 2
 Payne, a permanent resident alien from Jamaica who entered the United States in 1971, was convicted in Florida state court in 1985 of possession of cocaine and marijuana and sentenced to three years probation. In February 1985 deportation proceedings were instituted against Payne pursuant to section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C.A. Sec. 1251(a)(11) (West 1970 & Supp.1989), which provides for the deportation of any alien convicted of a controlled substance offense after entering the United States.
 
 
 3
 Payne did not contest deportability at his hearing, but instead sought a waiver under section 212(c) of the Act, 8 U.S.C.A. Sec. 1182(c) (West 1970). Pursuant to this section an alien who has been a United States resident at least seven years may be granted discretionary relief from deportation if he demonstrates that the equities of allowing his continued presence in the United States outweigh the negative factors. See Tapia-Acuna v. INS, 640 F.2d 223 (9th Cir.1981); Blackwood v. INS, 803 F.2d 1165 (11th Cir.1986).
 
 
 4
 Following the decision of an immigration judge denying Payne relief, the Board of Immigration Appeals affirmed the denial of discretionary relief and dismissed Payne's appeal. The Board reasoned, "after carefully balancing the equities," that Payne was not entitled to relief from deportation. In reaching this conclusion the Board focused on Payne's criminal involvement with controlled substances, finding these offenses "to be a serious adverse factor that requires a heightened showing of unusual or outstanding equities in order for section 212(c) relief to be considered."
 
 
 5
 The decision of the Board will be disturbed only if it is arbitrary and capricious and constitutes an abuse of discretion. Blackwood, 803 F.2d at 1168; see INS v. Abudu, 485 U.S. ----, 99 L.Ed.2d 90, 102 (1988). Here, the Board carefully weighed Payne's evidence of hardship against the serious adverse factors. The decision not to allow Payne discretionary relief from deportation cannot be characterized as an abuse of discretion.
 
 
 6
 AFFIRMED.