912 F.2d 463
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Everard DOWNER, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 90-2331.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 23, 1990.
Decided Sept. 4, 1990.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. ( Awd-cnv-pld)
 Lalit H. Gadhia, Lalit H. Gadhia, P.A., Baltimore, Md., for petitioner.
 Stuart M. Gerson, Assistant Attorney General, Mark C. Walters, Assistant Director, Office of Immigration Litigation, Alice M. Smith, Stewart Deutsch, Civil Division, United States Department of Justice, Washington, D.C., for respondent.
 INS
 AFFIRMED.
 Before ERVIN, Chief Judge, and SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case, the Board of Immigration Appeals ("Board") denied the application of David Everard Downer for relief from deportation under Section 212(c) of the Immigration and Nationality Act ("Act").[1] Section 212(c) provides a means of relief for lawful permanent residents who are deportable or excludable from the United States and who have been domiciled in this country as a permanent resident for at least seven consecutive years.[2] Qualifying persons may be allowed to enter or remain in this country at the discretion of the Attorney General notwithstanding grounds for exclusion or deportation enumerated in Section 212(a) of the Act. For the reasons explained below, we find that the Board did not abuse its discretion in denying Downer's application.
 
 I.
 
 2
 Downer is a citizen of Jamaica and entered the United States on March 1, 1971, as an immigrant along with his wife, Cynthia Gloria Downer. Downer worked as a sign painter in his native country and continued that trade in his own business in this country. His wife became a naturalized citizen of the United States on September 17, 1982, and is employed as a nurse's aide at a convalescent home. Since his immigration in 1971, Downer has continually resided in the United States except for a three week visit to Jamaica in 1983 to attend his mother's funeral.
 
 
 3
 Downer was convicted of possession of marijuana on December 19, 1983, for which he was sentenced to two days in jail and two years of supervised probation. He was convicted again for possession of marijuana on February 21, 1986, and was sentenced to six months imprisonment, suspended, and one year of supervised probation.
 
 
 4
 On January 13, 1987, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause against Downer, charging him with deportability under Section 241(a)(11) of the Act, as an alien convicted of a violation of a law relating to a controlled substance. See 8 U.S.C. Sec. 1251(a)(11). At Downer's deportation hearing, the immigration judge found him deportable based on his two drug convictions. The judge also heard testimony from Downer and his wife regarding his request for a Section 212(c) waiver. See 8 U.S.C. Sec. 1182(c). On August 28, the judge issued an order denying Downer's 212(c) waiver application and ordering him deported to Jamaica. Downer appealed this decision to the Board.
 
 
 5
 The Board in its decision acknowledged that the exercise of discretion requires consideration and balancing of all the relevant facts and circumstances involved in the case. It noted the equities supporting Downer's application for waiver:
 
 
 6
 [Downer] has resided continuously in this country for 18 years. He owns his own successful sign painting business. In addition, [his] wife, to whom he has been legally married for 19 years, is a United States citizen and lives here in the United States. [She] is employed as a nurse's aide at a nursing home and her entire family resides in the United States. She also is a diabetic and requires daily insulin injections.
 
 
 7
 Administrative Record at 3-4. Against these favorable factors, the Board weighed the negative factors evidencing Downer's undesirability as a permanent resident. He had been convicted twice for drug offenses. He had also been arrested, but not convicted, on at least five other occasions for charges including assault, disorderly conduct, and illegal possession of a deadly weapon. The court held that the seriousness of these convictions and arrests compelled a heightened showing of outstanding equities to receive Section 212(c) relief. See Matter of Buscemi, Int.Dec. 3058 (BIA 1988). Finally, the Board observed that Downer did not appear to have been rehabilitated from his past criminal behavior or to have taken responsibility for that behavior. Weighing all of these considerations, the Board concluded:
 
 
 8
 We recognize that [Downer] will experience some hardship upon deportation due to his long period of residence in the United States. This potential hardship, however, does not overcome the negative factors of record.
 
 
 9
 It therefore dismissed the appeal and affirmed the decision of the immigration judge. Downer then appealed to this court.
 
 II.
 
 10
 Because relief under Section 212(c) of the Act is afforded only in the discretion of the Attorney General, the denial by the Board, which is the Attorney General's agent, of an application for such relief is subject to review for abuse of that discretion. See Blackwood v. INS, 803 F.2d 1165, 1168 (11th Cir.1986). Assuming discretion has been exercised, we will reverse a denial of Section 212(c) relief only if the manner of exercise has been arbitrary or capricious. Id.
 
 
 11
 Reviewing the opinion of the Board, we find no abuse of discretion. The Board set forth the ground for denying relief: Downer's convictions for possession of marijuana. In deciding that the equities presented by Downer did not sufficiently outweigh these convictions and other arrests, the Board properly balanced all relevant factors in accordance with Matter of Marin, 16 I & N 581 (BIA 1978), and Matter of Buscemi, supra. The Board's opinion, as noted above, thoroughly discussed the factors supporting Downer's application and thoughtfully explained the implications of its conclusion. In light of the Board's considered decision, we cannot say that it acted arbitrarily or capriciously in finding that Downer's crimes were not outweighed by a showing of unusual or outstanding equities.
 
 III.
 
 12
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and oral argument would not aid the decisional process. See Fed.R.App.P. 34(a)(3); Loc.R. 34(a).
 
 
 13
 While we are sympathetic to the hardships to be faced by Downer and his wife after his deportation, one of the conditions of Downer's continued residence in this country was his obeying its laws. That he has not done. Accordingly, the Board's decision denying relief under Section 212(c) and ordering the deportation of Downer to Jamaica is
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The Act, as amended, is codified at 8 U.S.C. Secs. 1101 et seq. All references herein will cite to the section number of the Act itself and not to the codification of the Act
 
 
 [2]
 Section 212(c) provides in pertinent part:
 Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provision of paragraphs (1)-(25), (30), and (31) of subsection (a) of this section.
 8 U.S.C. Sec. 1182(c). The terms of this section do not literally apply to deportation proceedings; however, Matter of Silva, 16 I & N Dec. 26, 30 (BIA 1976), extended the literal scope of the statute to include all persons who (1) were lawfully admitted for permanent residence, (2) have maintained a "lawful unrelinquished domicile" in the United States for seven consecutive years, and (3) merit a favorable exercise of discretion. See, e.g., Mantell v. INS, 798 F.2d 124, 125 n. 2 (5th Cir.1986); Chiravacharadhikul v. INS, 645 F.2d 248, 248 n. 1 (4th Cir.), cert. denied, 454 U.S. 893 (1981).