960 F.2d 146
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Pronchai PHERSHAYAPHAI, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE; Richard
THORNBURGH, Attorney General of the United States
of America, Respondents.
 No. 91-1180
 United States Court of Appeals,
Fourth Circuit.
 Submitted March 23, 1992.
Decided: April 23, 1992.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service.
 W. Edward Morgan, W. EDWARD MORGAN & ASSOCIATES, Washington, D.C., for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, Richard M. Evans, Assistant Director, Office of Immigration Litigation, Joseph F. Ciolino, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.
 I.N.S.
 PETITION DENIED.
 Before MURNAGHAN, SPROUSE, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Pronchai Phershayaphai appeals from a decision of the Board of Immigration Appeals denying his application for a waiver of inadmissibility to the United States. Because the Board did not abuse its discretion in denying Phershayaphai's application, we deny his petition.
 
 
 2
 Phershayaphai, a lawful permanent resident who has been living in the United States since 1975, was convicted in United States District Court in 1983 of possession with intent to distribute heroin. Apparently, Phershayaphai once helped a friend find a buyer for a substantial quantity of heroin in a misguided effort to bail the friend out of financial difficulties and save his friend's failing grocery store. Phershayaphai was sentenced to a five-year term of imprisonment, with five years parole, but served only forty months in prison, and was released from parole early after the United States Parole Commission found that he "will not again engage in conduct which will violate any criminal law."
 
 
 3
 In support of his application for waiver, Phershayaphai demonstrated substantial family ties, including being a single parent to a financially and emotionally dependent ten-year old U.S. citizen, and the source of support for his permanent resident mother. Phershayaphai also has citizen and permanent resident siblings in the United States, and contributes significantly to his religious community. He has been continuously employed since his release from prison, and holds two jobs. He was named "employee of the year" at the Sheraton Premiere at Tysons Corner, Virginia, in 1989, and was recently promoted to Bell Captain. As a prisoner, Phershayaphai was well behaved and was commended for his participation in work assignments and educational activities. He has had no other arrests. He no longer knows anyone in Thailand.
 
 
 4
 Phershayaphai conceded in applying for a waiver that he was deportable.* The immigration judge found that the equities presented by Phershayaphai were substantial, but not sufficient to overcome the adverse factor of Phershayaphai's "egregious and serious conviction, in light of congressional policy and intent," and declined to grant a waiver of deportation. Noting that "unusual or outstanding equities" are required to overcome the presumption of bad character and undesirability that attaches when an alien has been convicted of a serious drug offense, the Board of Immigration Appeals dismissed Phershayaphai's appeal. Phershayaphai then filed a timely Petition for Review of his deportation order.
 
 
 5
 Under 8 U.S.C.A. § 1182(c) (West Supp. 1991), aliens who are otherwise deportable for criminal convictions may be admitted to the United States "in the discretion of the Attorney General." See TapiaAcuna v. INS, 640 F.2d 223, 224-25 (9th Cir. 1981). Thus, where the Attorney General's designate-the Board of Immigration Appeals-denies a waiver of deportability, the role of the judiciary is limited to a determination of whether the Board's denial of relief was arbitrary, capricious, an abuse of discretion, not in accordance with law, or not supported by "reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C.A. § 1105a(a)(4) (West 1970). See also Ayala-Chavez v. INS, 944 F.2d 638, 641-42 (9th Cir. 1991) (legal standard reviewed de novo; balancing of equities reviewed for abuse of discretion); Blackwood v. INS, 803 F.2d 1165, 1168 (11th Cir. 1986) (whether there has been an exercise of administrative discretion, whether the manner of exercise has been arbitrary or capricious, and whether the board's decision is supported by substantial evidence). Cf. M.A. A26851062 v. INS, 899 F.2d 304, 310 (4th Cir. 1990) (abuse of discretion standard applied in review of Motion to Reopen); Campos-Guardado v. INS, 809 F.2d 285, 289 (5th Cir.) (denial of political asylum and withholding of deportation reviewed under substantial evidence, arbitrary and capricious, abuse of discretion, and legal error standards), cert. denied, 484 U.S. 826 (1987).
 
 
 6
 Phershayaphai does not challenge the legality of the"outstanding equities" test applied by the Board, but argues that enough countervailing equities can be demonstrated from the record to allow a grant of the discretionary waiver. Cf. Ayala-Chavez, 944 F.2d at 641 ("outstanding equities" standard held permissible). He asserts that the substantial hardship that would be imposed on him and his family by deporting him, his employment record, his value and service to his community, the evidence of his good character, and presumptive indications of his rehabilitation entitle him to relief.
 
 
 7
 The decisions below show that the Board took the factors favoring relief into account, but exercised its discretion to deny relief in view of the serious nature of Phershayaphai's offense. See Blackwood, 803 F.2d at 1168. The evidence of Phershayaphai's heroin conviction was substantial and probative of his desirability as a continued resident of the United States. In view of the "strong Congressional policy against lenient treatment of drug offenders," Blackwood, 803 F.2d at 1167, there is no indication in the record that the decision-makers departed from established policies, rested their decision on an impermissible basis, or otherwise acted in an irrational, arbitrary, or capricious manner.
 
 
 8
 This Court's powers of review do not allow it to substitute its discretion for that granted by statute to the Attorney General. We therefore deny Phershayaphai's petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION DENIED
 
 
 *
 We decline to address Phershayaphai's arguments that he is not subject to deportation which were raised for the first time in his reply brief in this Court. See United States v. One 1971 Mercedes Benz, 542 F.2d 912, 915 (4th Cir. 1976)