980 F.2d 727
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rogelio EASTMAN, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-1431.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 14, 1992
Decided: November 30, 1992
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A10-159-704)
 Cecil C. Harrigan, Washington, D.C., for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, Richard M. Evans, Assistant Director, Marshall Tamor Golding, United States Department of Justice, Washington, D.C., for Respondent.
 Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Rogelio Eastman appeals from a decision of the Board of Immigration Appeals ("Board") affirming an immigration judge's order of deportation and denial of Eastman's application for waiver of inadmissibility to the United States. Because we find no abuse of discretion in any aspect of the Board's order, we affirm.
 
 
 2
 Eastman began his lawful residence in the United States at age eight in 1957. In 1985 and 1990, while on parole from previous armed robbery convictions, Eastman was convicted in the District of Columbia Superior Court of distribution of cocaine and attempted distribution of cocaine. Eastman received the mandatory minimum sentence for the 1985 conviction and one to three years imprisonment for the 1990 conviction.
 
 
 3
 As a result of these convictions, deportation proceedings were initiated pursuant to section 241 of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1251(a)(11) (1988) (current version at 8 U.S.C.A. § 1251(a)(2)(B)(i) (West Supp. 1992)). The Order charged Eastman with deportability based upon his 1985 and 1990 convictions. Eastman applied for relief from deportation under 8 U.S.C.A. § 1182(c).*
 
 
 4
 In support of his application for waiver of inadmissibility, Eastman demonstrated substantial family ties to the United States. Eastman is the father of an adolescent son who is a United States citizen and Eastman's mother is a United States citizen. Eastman also has many citizen and permanent resident relatives in the United States. Although Eastman admitted that he began using heroin in 1977, and cocaine in 1984, he tried to show rehabilitation through athletic awards he received while in prison, reduction in the amount of time he was required to serve for his convictions, and participation in voluntary drug rehabilitation programs.
 
 
 5
 The immigration judge found that although Eastman showed some outstanding equities, they were not sufficient to overcome his pattern of criminal activity and continuing involvement with illegal drugs. Therefore, the immigration judge denied Eastman's petition for waiver relief. Eastman appealed to the Board.
 
 
 6
 In a detailed opinion, the Board affirmed the immigration judge's finding of deportability and denial of Petitioner's application for relief under § 1182(c). The Board found no abuse of discretion by the immigration judge and agreed that Eastman was undeserving of relief. The Board therefore dismissed Eastman's appeal.
 
 
 7
 There is no merit to Eastman's contention that the Board abused its discretion in denying his application for waiver relief. Waivers of deportation are discretionary. Cordoba-Chaves v. INS, 946 F.2d 1244, 1249 (7th Cir. 1991); McLean v. INS, 901 F.2d 204, 205 (1st Cir. 1990). A reviewing court may only reverse the findings of the Board if it abused its discretion. Cordoba-Chaves, 946 F.2d at 1249. If the Board's decision is supported by substantial evidence, this Court must defer to the Board and affirm. Blackwood v. INS, 803 F.2d 1165, 1168 (11th Cir. 1986).
 
 
 8
 The decisions below demonstrate that the Board took the factors favoring relief into consideration, but exercised its discretion to deny relief in view of the serious nature of Eastman's offenses. The Board found that Eastman's adverse factors "are so inimical to United States society, that they are not outweighed by the favorable factors" presented by Eastman. The Board properly concluded that the harmful effect to society of Eastman's criminal behavior outweighed his outstanding equities.
 
 
 9
 Because the Board based its decision on a reasoned and legitimate weighing of the circumstances of the case, it acted within its discretion in denying Eastman's petition for relief. We therefore affirm the Board's decision and deny Eastman's petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Essentially, § 1182(c) provides that aliens who are otherwise deportable for criminal convictions may be admitted to the United States in the discretion of the Attorney General