989 F.2d 492
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kamol HANSEN, a/k/a Komol Hanson, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-1445.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 4, 1993
Decided: March 16, 1993
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A30-481-503)
 Manlin M. Chee, Greensboro, North Carolina, for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, Thomas W. Hussey, Deputy Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.
 I.N.S.
 PETITION DENIED.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Kamol Hansen petitions this Court to review a decision of the Board of Immigration Appeals denying a discretionary waiver of inadmissability to a deportable non-citizen. Because the Board of Immigration Appeals decision was not arbitrary, capricious, nor an abuse of discretion, we deny Hansen's petition.
 
 
 2
 Hansen, a lawful permanent resident who has been living in the United States since 1970, was convicted in North Carolina in 1981 for armed robbery of a gas station and a market while serving probation and a suspended sentence for breaking and entering, and larceny. After serving ten years in prison, Hansen conceded deportability as an alien convicted of two crimes involving moral turpitude not arising out of a single criminal scheme and applied for a waiver of inadmissability under 8 U.S.C.A. § 1182(c) (West Supp. 1991).
 
 
 3
 In support of his application for waiver Hansen introduced evidence of substantial family ties, including his four-year marriage to Brenda Hansen, a United States citizen, his relationship with their twelve year old daughter, and his five-year old step-daughter, none of whom speak any language other than English or have ever lived outside of the United States. Hansen's residence in the United States is of long duration and his deportation would separate him from his father and siblings, all United States citizens. It also could separate Brenda from her ailing mother, who is dependent upon Brenda for physical care. Hansen's part in the crimes for which he was convicted was limited to driving the getaway car, and he cooperated in the state's efforts to convict the other participants. Hansen had relatively few behavioral infractions in prison, did well in prison work assignments, increased his literacy and learned a trade during his incarceration. The immigration judge denied a waiver of inadmissability, and the Board of Immigration Appeals dismissed Hansen's appeal.
 
 
 4
 Under 8 U.S.C.A. § 1182(c), non-citizens who are otherwise deportable for criminal convictions may be admitted to the United States "in the discretion of the Attorney General." See Tapia-Acuna v. INS, 640 F.2d 223, 224-25 (9th Cir. 1981). Thus, where the Attorney General's designate-the Board of Immigration Appeals-denies a waiver of deportability, the role of the judiciary is limited to a determination of whether the Board's denial of relief was arbitrary, capricious, an abuse of discretion, not in accordance with law, or not supported by "reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C.A. § 1105a(a)(4) (West 1970); Ayala-Chavez v. INS, 944 F.2d 638, 641-42 (9th Cir. 1991) (legal standard reviewed de novo; balancing of equities reviewed for abuse of discretion); Blackwood v. INS, 803 F.2d 1165, 1168 (11th Cir. 1986) (whether there has been an exercise of administrative discretion, whether the manner of exercise has been arbitrary or capricious, and whether the Board's decision is supported by substantial evidence); M.A. A26851062 v. INS, 899 F.2d 304, 310 (4th Cir. 1990) (in banc) (abuse of discretion standard applied in review of Motion to Reopen).
 
 
 5
 Hansen argues that the Board acted arbitrarily and capriciously because it required him to demonstrate unusual and outstanding equities to qualify for relief, rather than unusual or outstanding equities, the standard applied in prior decisions of the Board. Matter of Buscemi, 19 I. & N. Dec. 628 (BIA 1988); Matter of Marin, 16 I. & N. Dec. 581 (BIA 1978). A review of the decision of the Board shows that while it used conjunctive and disjunctive phraseology interchangeably, it found that Hansen had demonstrated neither unusual nor outstanding equities, consistent with its previously announced standards.
 
 
 6
 Hansen asserts that the Board failed to adequately consider all of his equities. The Board explicitly took the factors advanced by Hansen favoring relief, including social and humane considerations, into account, but exercised its discretion to deny relief in view of the serious nature of Hansen's offenses. See Diaz-Resendez v. INS, 960 F.2d 493, 497 (5th Cir. 1992).* The evidence of Hansen's larceny and armed robbery convictions was substantial and probative of his desirability as a continued resident of the United States. See Blackwood, 803 F.2d at 1167-68.
 
 
 7
 Hansen also argues that the immigration judge's characterization of his equities as "bizarre" demonstrated an inability to assign proper weight to the positive and negative factors necessary for a proper exercise of discretion. The Board found that this adjective was not "particularly helpful in evaluating respondent's claim." Nevertheless, after considering the entire record, and fully analyzing the evidence submitted by Hansen, the Board concluded that the immigration judge's weighing of the relevant factors was not substantively incorrect. This Court reviews only the findings and order of the Board, not the immigration judge. See Huaman-Cornelio v. Board of Immigration Appeals, F.2d, No. 92-1201 (4th Cir. Nov. 19, 1992). Having explicitly discounted the objectionable adjectives in the immigration judge's decision, the Board has shown that it was not improperly influenced by these adjectives in exercising its discretion.
 
 
 8
 Accordingly, we deny Hansen's petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION DENIED
 
 
 *
 In his reply brief, Hansen argues that under Diaz-Resendez, 960 F.2d at 496, the positive and negative aspects of a case must be separately evaluated, and a determination must be made about whether the favorable equities rise to the level of unusual or outstanding before balancing them against the negative factors. While this argument was advanced by the petitioner on appeal in that case, the Court's decision in favor of petitioner in that case was the result of the Board's failure to consider and accord enough weight to significant positive equities, and its unexplained disparate treatment of factually similar cases. Id. at 496-98. It does not appear that Diaz-Rensendez precludes the Board's action in this case: it considered the specific nature and circumstances of each positive factor in deciding whether or not unusual or outstanding equities existed