43 F.3d 1467
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Boushra Fouad MIKHEAL, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
Boushra Fouad MIKHEAL, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 Nos. 91-2097, 91-2297.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 18, 1993.
Decided Nov. 16, 1994.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A21-664-956)
 Syed I. Hyder, Hyder & Lowe, Richmond, VA, for petitioner.
 Stuart M. Gerson, Asst. Atty. Gen., Richard M. Evans, Donald A. Couvillon, United States Department of Justice, Washington, D.C., for respondent.
 I.N.S.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Boushra Fouad Mikheal appeals from the Board of Immigration Appeals ("BIA") decisions denying his request for waiver relief, (No.91-2097), and denying his motions to reconsider and reopen, (No. 91-2297). We affirm the denial of Mikheal's original request for waiver of deportation and his motions to reconsider and reopen.
 
 
 2
 * Mikheal entered the United States in 1975, and was granted permanent resident status in August of 1978. Two of his three sisters and his mother live in the United States, and Mikheal is the primary support for his mother, with whom he lives. In 1986, Mikheal pled guilty to distribution of one-half gram of cocaine for the accommodation of another in violation of Va.Code Ann. Sec. 18.2-248 (Michie 1988). After his cocaine conviction, the Immigration and Naturalization Service ("INS") ordered Mikheal to show cause why he should not be deported pursuant to 8 U.S.C.A. Sec. 1251(a)(11) (West Supp.1992).[1] Mikheal admitted his deportability and sought a waiver of deportation under 8 U.S.C.A. Sec. 1182(c) (West Supp.1992).[2] After finding Mik heal eligible for waiver relief, the Immigration Judge ("IJ") denied his request. The BIA affirmed the IJ's opinion. Mikheal petitioned for review in this Court, and filed motions for reconsideration and to reopen with the BIA. After the BIA denied the motions, Mikheal filed a petition for review of the denial, and this Court consolidated the two appeals.
 
 II
 
 3
 Decisions to grant waivers of deportation under 8 U.S.C. Sec. 1182(c) are within the discretion of the BIA, and are reviewed for abuse of discretion.[3] Casalena v. INS, 984 F.2d 105, 106 (4th Cir.1992). See also Blackwood v. INS, 803 F.2d 1165, 1168 (11th Cir.1986). The alien bears the burden of establishing that his waiver request is meritorious. Casalena, 984 F.2d at 106. To evaluate whether waiver of deportation is appropriate, the BIA must weigh the undesirability of the applicant as a permanent resident against the special and humane considerations provided by the applicant. Matter of Marin, 16 I. & N. Dec. 581 (BIA 1978). Where an applicant has been convicted of a serious drug offense, he must show unusual or outstanding countervailing equities in order to warrant waiver of deportation. Id. at 584-85.
 
 
 4
 The BIA did not abuse its discretion in affirming the decision of the IJ to deny Mikheal waiver of deportation. Mikheal admitted to using marijuana from 1976 until the time of his arrest, and acknowledged that his social group used drugs so often that "he forgot it was illegal." Moreover, in addition to his cocaine conviction, Mikheal had two prior misdemeanor convictions for possession of marijuana, one in 1986 and one in 1977.
 
 
 5
 Mikheal's countervailing equities at the time of the hearing do not overcome his undesirability as a permanent resident. His family's hardship should he be deported was not significant because both his sisters are married and will support his mother in his stead. His employment history is constant, but he seldom stayed in one job for very long. He owned no property in the United States, had no business ties, and performed no community service. Additionally, his evidence of rehabilitation and good character was not substantial or convincing. Consequently, the BIA appropriately rejected Mikheal's claim for relief under Sec. 1182(c).
 
 
 6
 Because the BIA's denial of Mikheal's request for relief was proper, and all the relevant evidence was considered by the IJ, whose reasoning the BIA relied on, we find that the BIA did not abuse its discretion in denying Mikheal's motion for reconsideration.
 
 
 7
 As for Mikheal's motion to reopen, Mikheal was no longer eligible for waiver relief when he filed his motion to reopen because his permanent resident status was terminated when the BIA denied his original appeal from the deportation order. Nwolise v. INS, 4 F.3d 306, 311-12 (4th Cir.1993), cert. denied, 114 S.Ct. 888 (1994). Hence, the BIA's decision not to review the merits of his motion for waiver relief was proper.
 
 III
 
 8
 In conclusion, we affirm the BIA's initial denial of waiver relief. We also affirm the BIA's denial of Mikheal's motions for reconsideration and to reopen. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Formerly referred to as Sec. 241(a)(11)
 
 
 [2]
 Also referred to as a Sec. 212(c) waiver
 
 
 [3]
 Section 1182(c) provides:
 Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a)....