70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Juan Jacinto GONZALEZ-GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-9508.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and BARRETT, Circuit Judges and O'CONNOR, District Judge.[2]
 
 
 2
 Juan Jacinto Gonzalez-Garcia seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his administrative appeal.[3] He contends that the BIA erred in dismissing his appeal from a decision of the Immigration Judge ("IJ") finding him deportable under 8 U.S.C. 1251(a)(2)(A)(ii) for two convictions involving moral turpitude and denying his application for a discretionary waiver of deportation under 8 U.S.C. 1182(c). Our jurisdiction arises under 8 U.S.C. 1105a(a). Having reviewed the record, we find that the BIA acted within the scope of its discretion in dismissing the appeal and deny the petition.
 
 Background
 
 3
 Mr. Gonzalez-Garcia, a 40 year-old native and citizen of Mexico, was admitted to the United States as an immigrant and permanent resident in 1965. During his thirty years in this country, Mr. Gonzalez-Garcia married, had three children who are United States citizens, divorced, and served in the United States military for about a decade.
 
 
 4
 On November 10, 1987, Mr. Gonzalez-Garcia was convicted in Colorado of sexual assault on a child and sentenced to five years' probation. On October 4, 1991, he was again convicted of sexual assault on a child and sentenced to four years' incarceration. In August 1994, Colorado penal authorities released Mr. Gonzalez-Garcia into custody of the Immigration and Naturalization Service ("INS"), which then initiated deportation proceedings against him.
 
 
 5
 On October 19, 1994, the IJ conducted an evidentiary hearing and admitted into evidence records of Mr. Gonzalez-Garcia's two convictions and military discharge together with testimony of Mr. Gonzalez-Garcia and several of his family members. The IJ also considered his request for relief from deportation pursuant to 8 U.S.C. 1182(c). After considering the evidence, the IJ concluded that Mr. Gonzalez-Garcia was deportable under 8 U.S.C. 1251(a)(2)(A)(ii) and, although statutorily eligible for relief under 1182(c), did not merit favorable exercise of discretion due to the serious nature of his convictions.
 
 
 6
 Mr. Gonzalez-Garcia then appealed to the BIA, which dismissed his appeal in a written opinion dated February 9, 1995. The BIA agreed with the IJ's determination of deportability and, after weighing the equity factors, the denial of 1182(c) relief. This appeal followed.
 
 Discussion
 
 7
 We review the BIA's balancing of equities for 1182(c) relief and subsequent dismissal of an appeal for abuse of discretion. Nunez-Pena v. INS, 956 F.2d 223, 226 (10th Cir.1992); Nazakat v. INS, 981 F.2d 1146, 1148 (10th Cir.1992). The denial of 1182(c) relief will not be disturbed " 'unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.' " Joseph v. INS, 909 F.2d 605, 607 (1st Cir.1990) (quoting McLean v. INS, 901 F.2d 204, 205 (1st Cir.1990)). We review de novo the BIA's legal interpretations and its factual determinations for support of substantial evidence. Solis-Muela v. INS, 13 F.3d 372, 375 (10th Cir.1993). Viewing the record as a whole, Foti v. INS, 375 U.S. 217, 228 (1963), we cannot say that the BIA abused its discretion in denying Mr. Gonzalez-Garcia's request for 1182(c) relief.
 
 A.
 
 8
 The plain language of 1182(c) provides that aliens lawfully admitted for permanent residence who temporarily proceed abroad may be admitted to the United States in the discretion of the Attorney General without regard to several specified grounds of exclusions. 8 U.S.C. 1182(c).[4] Although this provision on its face seems to apply only to exclusion proceedings, courts have uniformly applied it to deportation proceedings as well. Nunez-Pena, 956 F.2d at 224 n. 3; accord Francis v. INS, 532 F.2d 268 (2d Cir.1976).
 
 
 9
 Statutory eligibility under 1182(c), however, does not automatically qualify a respondent for relief. Rather, a respondent bears the burden of demonstrating that he qualifies for such relief as a matter of discretion. See Blackwood v. INS, 803 F.2d 1165, 1168 (11th Cir.1986). The INS must make a reasoned decision regarding a respondent's application for 1182(c) relief by balancing " 'the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf.' " Id. (quoting Matter of Marin, 16 I & N Dec. 581, 584-85 (BIA 1978)).
 
 1.
 
 10
 Petitioner contends that the BIA failed to adequately weigh the positive factors against the negative factors and that, consequently, its dismissal is "not founded on a rational explanation." Pet. Br. at 17, 22, 24. We disagree. Relief involving convicted aliens must be evaluated on a case-by-case basis. Matter of Edwards, Interim Dec. 3134 (BIA 1990). In its decision, the BIA considered Mr. Gonzalez-Garcia's lengthy residence and strong family ties in the United States, history of employment, support of his mother and children and military service. However, the BIA also weighed the fact that Mr. Gonzalez-Garcia was twice convicted of serious felonies, both involving sexual assault of a child. The weighing of positive and negative factors remains within the discretion of the IJ and BIA. Ashby v. INS, 961 F.2d 555, 557 (5th Cir.1992) (scope of judicial review of discretionary denial of 1182(c) relief is "exceedingly narrow"). It is not the role of this court to substitute its judgment for that of the IJ or BIA. Nunez-Pena, 956 F.2d at 226. The BIA determined that, notwithstanding numerous positive factors presented in Mr. Gonzalez-Garcia's behalf, he did not warrant a favorable exercise of discretion due to the serious nature of his felonies. We cannot say that this determination was not supported by substantial evidence or constituted an abuse of discretion.
 
 2.
 
 11
 Mr. Gonzalez-Garcia next contends that the BIA's dismissal constitutes an abuse of discretion by creating an absolute bar to relief for aliens convicted of a sexual offense. Pet. Br. at 19-21. No evidence exists in the record indicating the existence of such a bar. In support of this bold assertion, Mr. Gonzalez-Garcia offers cases that tangentially address IJ and BIA determinations of witness credibility and an alleged de facto policy of denying 1182(c) relief to aliens convicted of drug offenses. He offers no evidence of an absolute bar to relief for aliens convicted of sex offenses or any indication that the IJ's determinations regarding Mr. Gonzalez-Garcia's convictions are not supported by substantial evidence.
 
 B.
 
 12
 Allegations of due process violations are reviewed de novo. Ogbemudia v. INS, 988 F.2d 595, 598 (5th Cir.1993). However, to raise a successful due process challenge to a deportation proceeding, an alien must demonstrate substantial prejudice resulting from the procedural defect. Michelson v. INS, 897 F.2d 465, 468 (10th Cir.1990). The burden is on the alien to show that, but for the alleged defect, the result of the proceedings would have been materially different. Ka Fung Chan v. INS, 634 F.2d 248, 258 (5th Cir.1981).
 
 
 13
 Mr. Gonzalez-Garcia alleges that the IJ violated his due process rights by admitting into evidence a document containing derogatory information about his military record and failing to consider evidence supporting his rehabilitation from alcohol abuse. Pet. Br. at 26, 29. Mr. Gonzalez-Garcia's due process claims are without merit. Even assuming that the IJ erred by admitting the military record and according Mr. Gonzalez-Garcia's rehabilitation little or no weight, Mr. Gonzalez-Garcia fails to demonstrate substantial prejudice. Michelson, 897 F.2d at 467. Standing alone, Mr. Gonzalez-Garcia's felony convictions constitute substantial evidence in support of the IJ's decision. In light of Mr. Gonzalez-Garcia's convictions, we cannot say that the BIA abused its discretion in dismissing Mr. Gonzalez-Garcia's appeal.
 
 
 14
 Review DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 The Honorable Earl E. O'Connor, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 [3]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. In accordance with our Order of October 23, 1995, the cause is ordered submitted without oral argument
 
 
 [4]
 Section 1182(c) states:
 Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under any order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted at the discretion of the Attorney General....
 8 U.S.C. 1182(c).