[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12474
Non-Argument Calendar
_____

Agency No. A200-715-833


IQBAL SINGH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 1, 2019)

Before WILSON, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

The Board of Immigration Appeals (BIA) denied Iqbal Singh's motion to reopen his removal proceedings. Singh, a native and citizen of India, now petitions for review of that order, arguing that the BIA improperly weighed his evidence about the changed country conditions in India since his 2011 removal hearing. We disagree and deny Singh's petition for review.

## I.  Background

In 2010, the Department of Homeland Security (DHS) took Singh into custody, issued a notice to appear, and charged him with removability under the Immigration Nationality Act (INA) § 212(a)(6)(A)(i). Singh conceded to the charge and requested a hearing for asylum and withholding of removal based on his religion and political opinion. At the hearing, Singh alleged that, on two occasions in 2010, men from the central government—the Badal Party—"took [him] and beat [him] up" because he was a member of the Mann Party, a separatist group that advocates for Sikh initiatives. Singh then withdrew his application for asylum and withholding of removal, and the BIA ordered that he be removed.

Nearly seven years later, in 2017, Singh filed his second motion to reopen[1] his removal proceedings to file applications for asylum, withholding of removal,

---

[1] Singh filed his first motion to reopen removal proceedings in 2013, in which he alleged ineffective assistance of counsel. The BIA denied that motion after Singh failed to appear for the hearing, which we dismissed on appeal for want of prosecution. *See Singh v. U.S. Att'y Gen.*, No. 15-13850, Doc. 12 (11th Cir., Nov. 17, 2015).

and protection under the Convention Against Torture (CAT).  Singh claimed that the conditions in India for Mann Party members had worsened since his 2011 hearing.  Singh argued that after another anti-Mann Party group—the Bharatiya Janata Party (BJP)—won the 2014 and 2017 elections, violence against Mann Party members increased.  He presented the following evidence: his own affidavit detailing his Mann Party membership, political activities, and the 2010 attacks; declarations from his mother and sister detailing their own attacks by Badal Party members in 2017; declarations from various authorities in his home district corroborating the attacks on Singh and his family members; hospital records corroborating injuries from those attacks; and the 2011 and 2016 State Department Country Reports for India.

The BIA did not find the various statements from India about the attacks on Singh's mother and sister convincing, reasoning that the statements were prepared for litigation by interested witnesses that were not subject to cross-examination. After reviewing this evidence, the BIA denied Singh's motion, concluding that there were no material changes in India's country conditions to warrant reopening Singh's removal proceedings.

## II.  Discussion

We review the denial of a motion to reopen an immigration proceeding for an abuse of discretion.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1301–02 (11th Cir.

2001). This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). Because motions to reopen are disfavored, the moving party bears a heavy burden. *Id.* The BIA is not required to discuss every piece of evidence presented. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006). When the BIA exercises administrative discretion, the findings are sufficient if the BIA's written decision sets out the ground for denial so that a reviewing court is able to determine if the agency considered the evidence and did not merely react. *Id.*; *Blackwood v. I.N.S.*, 803 F.2d 1165, 1168 (11th Cir. 1986). We will reverse a factual finding by the BIA "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The BIA may, at a minimum, deny a motion to reopen for: (1) failure to establish a prima facie case for the relief sought; (2) failure to introduce previously unavailable, material evidence; or (3) a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief that he sought. *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992); *Al Najjar*, 257 F.3d at 1302. Under the INA, a petitioner is generally limited to one motion to reopen, which must be filed within 90 days of the final administrative

decision.  INA §§ 240(c)(7)(A), (C)(i), 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i).  But those limits do not apply to applications "for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii).  Changed circumstances are those that materially affect an applicant's eligibility for asylum, including changes within the applicant's country of nationality.  8 C.F.R. § 1208.4(a)(4)(i)(A).  A petitioner cannot, however, "circumvent the requirement of changed country conditions by demonstrating only a change in her personal circumstances."  *Zhang*, 572 F.3d at 1319.

The BIA did not abuse its discretion in denying Singh's motion to reopen because he failed to establish a material change in country conditions in India with respect to his Sikh religion and Mann Party membership.  INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii).  The evidence indicates that the current violence faced by the members of the Mann Party and Sikh religion have been a continuation of the same or similar conditions that existed at the time of Singh's 2011 hearing.[2] First, Singh's evidence of violence in the wake of the 2014 and 2017 elections is

---

[2] The 2011 hearing is the relevant time period for assessing changed country conditions because it is the "previous hearing" in the proceedings Singh seeks to reopen.  *See* 8 C.F.R. § 1003.2(c)(3)(ii); INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii).

not materially different from his evidence of the violence at the time of the removal hearing. At the time of his removal hearing in 2011, Singh was subject to violence for his beliefs, including the 2010 attacks. He also stated that, at the time, police were shooting people he knew because they were targeting known separatists. The attacks on his family in 2017 were not a change, but rather a continuation of those threats. Second, his motion to reopen also includes reports that in 2011, there was widespread impunity at all levels of government, police and security force abuses, and corruption in the government. Third, while Singh relies on the 2014 and 2017 elections to show an increase in violence by these parties, these political groups had significant power in 2010. And while current country conditions show ongoing and sometimes violent treatment of Sikhs, the evidence also shows this was a significant problem in 2011. Singh thus fails to show how the threat he faces from the government's interest in him has materially changed since he was attacked in 2010.

Singh argues that the BIA should have given greater weight to his evidence. Although the affidavits provided by his mother, sister, village leader, and neighbors corroborated one another and were supported by hospital records, it was not unreasonable for the BIA to give significant weight to the fact that they appeared to be prepared for litigation by interested parties that were not subject to cross-examination. Singh's preferred conclusion is not the only reasonable

6

conclusion, and the record thus does not compel reversal of the BIA's factual determinations.  *See Adefemi*, 386 F.3d at 1027.

The record also shows that the BIA sufficiently considered the evidence before it and adequately justified its decision.  The BIA decision considered Singh's evidence about his two 2010 attacks; the Congress and Badal Party members' continued search for Singh; the attacks on Singh's mother and sister; general country conditions, including the State Department reports; his involvement with the Sikh community; affidavits from his mother, sister, village leader, and neighbors; and corroborating hospital records.  While the BIA was not required to discuss in detail every piece of evidence presented, the record indicates that the BIA considered Singh's evidence before it made its decision.  *See Tan*, 446 F.3d at 1374; *Blackwood*, 803 F.2d at 1168.

## III.  Conclusion

Singh has failed to show that the BIA abused its discretion in denying his motion to reopen.  Accordingly, we deny Singh's petition for review.[3]

**PETITION DENIED.**

---

[3] Because the BIA did not abuse its discretion in determining that Singh had not met the requirements for reopening his case, we decline to consider whether Singh made a prima facie showing of his claims for relief.  *See Doherty*, 502 U.S. at 323; *Al Najjar,* 257 F.3d at 1302.