918 F.2d 955
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linval BARRETT, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 89-1587.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 17, 1990.
Decided Nov. 21, 1990.
 
 On Petition for Review of an Order of the Board of Immigration Appeals. (A30-720-387)
 Paul Grussendorf, Community Legal Clinics, the National Law Center, Washington, D.C., for petitioner.
 Stuart M. Gerson, Assistant Attorney General, Richard M. Evans, Assistant Director, Ellen Sue Shapiro, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for respondent.
 B.I.A.
 PETITION DENIED.
 Before WIDENER, Circuit Judge, BUTZNER, Senior Circuit Judge, and WILSON, United States District Judge for the Western District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Petitioner Linval Constantine Barrett seeks an order directing that he be granted a waiver of deportability pursuant to Sec. 212(c) of the Immigration and Nationality Act. 8 U.S.C. Sec. 1182(c). At issue is whether, on these facts, the Board of Immigration Appeals (BIA) acted arbitrarily and capriciously by denying relief from deportation to a resident alien convicted of two drug offenses and two armed robberies. Because we conclude that the BIA acted within its authority in affirming the decision of the immigration judge, we deny Barrett's petition and affirm the final order of deportation.
 
 
 2
 Barrett, a Jamaican citizen, came to the United States as a permanent resident in 1974, at the age of 16. In 1982, Barrett was convicted for possession of marijuana with intent to distribute, a crime which rendered him deportable under Sec. 241(a)(11) of the Immigration and Nationality Act. 8 U.S.C. Sec. 1251(a)(11). Barrett was served with an order to show cause why he should not be deported, and soon thereafter he was convicted of two armed robberies.
 
 
 3
 At Barrett's immigration hearing, the immigration judge heard testimony from Barrett's mother, his sister, his daughter, and Barrett himself regarding the hardship his deportation would cause. The judge also received letters of recommendation from corrections officers at prisons where Barrett has been incarcerated. The judge found that Barrett had been in the United States long enough to be considered for relief under Sec. 212(c). However, after balancing the equities, the judge nonetheless denied Barrett's request.
 
 
 4
 The BIA affirmed the decision of the immigration judge. As required by statute, Barrett sought review of this administratively final order of deportation within six months of receiving the order. 8 U.S.C. Sec. 1105a(a)(1). This petition is therefore timely, and the jurisdiction of this court is properly invoked.
 
 
 5
 Section 212(c) of the Immigration and Nationality Act allows waivers of excludability to aliens who would otherwise be inadmissable to the United States. 8 U.S.C. Sec. 1182(c). While the statute expressly affords waivers to aliens returning to a lawful United States domicile of seven years duration after leaving the country, the statute has also been interpreted to extend to aliens who have not left the country but have met the seven-year requirement and are facing deportation proceedings. See Vargas v. United States Dep't of Immigration and Naturalization, 831 F.2d 906, 908 n. 3 (9th Cir.1987); Francis v. INS, 532 F.2d 268, 273 (2d Cir.1976).
 
 
 6
 However, the waiver remains at the agency's discretion. The standard of review is therefore "abuse of discretion." Vargas, 831 F.2d at 908. In reviewing a refusal to exercise discretionary relief under the immigration laws, "we only examine whether the discretion was actually exercised and whether it was exercised in an arbitrary and capricious manner." Parcham v. INS, 769 F.2d 1001, 1003 (4th Cir.1985) (involving administrative denial of voluntary departure, not waiver of deportation); Cruz-Lopez v. INS, 802 F.2d 1518, 1522-23 (4th Cir.1986). An Eleventh Circuit court has specifically stated that denial of Sec. 212(c) relief constitutes an abuse of discretion only if it is "arbitrary and capricious." Blackwood v. INS, 803 F.2d 1165, 1168 (11th Cir.1986) (affirming BIA denial of Sec. 212(c) relief for alien convicted of drug offenses).
 
 
 7
 "In exercising its discretion, the Board is not bound by the Immigration Judge's order, but is free to make its own determination." Parcham, 769 F.2d at 1005 n. 3. The BIA's exercise of discretion requires consideration of all the facts and circumstances involved. Among the factors favorable to an applicant are the presence of family ties in the United States, residence of long duration in this country, evidence of hardship to the alien and his family in the event of deportation, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to an alien's good moral character. Matter of Marin, 16 I. & N. Dec. 581, 584-85 (BIA 1978). Adverse factors include the nature and circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of an applicant's bad character or undesirability as a permanent resident of this country. Matter of Marin, 16 I. & N. at 584.
 
 
 8
 Criminal convictions, particularly for drug offenses, constitute factors which the BIA may consider when balancing the equities in a petition for Sec. 212(c) relief. The courts have authorized the BIA to regard drug convictions as serious negative factors when weighing an alien's claim for asylum or withholding of deportation relief. See Ramirez-Ramos v. INS, 814 F.2d 1394, 1397 (9th Cir.1987); Crespo-Gomez v. Richard, 780 F.2d 932, 935 (11th Cir.1986); see also Vargas, 831 F.2d at 909 (BIA did not abuse discretion in denying Sec. 1182(c) petition where alien had two narcotics convictions). The BIA has stated that it requires "a showing of unusual or outstanding countervailing equities by applicants for discretionary relief who have been convicted of serious drug offenses, particularly those involving the trafficking or sale of drugs." Marin, 16 I. & N. at 586 n. 4.
 
 
 9
 From the BIA decision, it is clear that the BIA considered evidence on the hardship Barrett's deportation would cause, as well as evidence of his rehabilitation. The BIA, however, was not persuaded of Barrett's rehabilitation:
 
 
 10
 The respondent has shown some evidence of rehabilitation which could be considered promising if exhibited after one offense. The fact is, however, that the respondent has four convictions, each offense being more serious than the one before. In light of his pattern of behavior, we are not persuaded that the respondent's conduct will change in an unrestricted environment.
 
 
 11
 The BIA reasonably concluded that Barrett's two drug convictions and two armed robbery convictions outweighed the hardship to Barrett and his family.
 
 
 12
 Having found that the BIA did not act arbitrarily or capriciously in affirming the decision of the immigration judge, we deny Barrett's petition.