[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12000
Non-Argument Calendar

_____

Agency No. A046-662-958

LENNCY W. JEUDY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 13, 2019)

Before BRANCH, HULL and JULIE CARNES, Circuit Judges.

PER CURIAM:

Lenncy Waldex Jeudy, proceeding pro se, petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") order of removal and denial of his claims for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").  After review, we dismiss Jeudy's petition for review for lack of jurisdiction.

## I.  BACKGROUND

Jeudy, a native and citizen of Haiti, was found removable under Immigration and Nationality Act ("INA"), 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who had been convicted of an aggravated felony as defined in INA § 101(a)(43)(M), 8 U.S.C. § 1101(a)(43)(M).  Specifically, in 2015, Jeudy pled guilty in federal court in the Southern District of Florida to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, which resulted in a 30-month sentence and $317,557 in court-ordered restitution.  The wire-fraud scheme involved electronically submitting 516 fraudulent tax returns to the U.S. Internal Revenue Service.

In his removal proceedings, Jeudy sought asylum, withholding of removal, and CAT relief, claiming that he feared retribution in Haiti because he had cooperated with the Federal Bureau of Investigation ("FBI") and testified against

2

one of his co-conspirators, Wisly Toussaint.  Jeudy said Toussaint's father and uncle were "crooked police officers" in Haiti who had threatened Jeudy's life.

## A.    IJ and BIA's Decisions

The IJ and the BIA determined, inter alia, that (1) Jeudy was ineligible for asylum because his wire fraud conspiracy conviction was for an aggravated felony; (2) he was ineligible for withholding of removal because his wire fraud offense was a "particularly serious" crime, and, in any event, fear of personal revenge is not a fear of persecution on account of a protected ground; and (3) he was ineligible for CAT relief because he had not shown it was more likely than not that a Haitian public official or other person acting in an official capacity would torture him or acquiesce in his torture.

## B.    Petition for Review

Jeudy's pro se petition for review raises numerous arguments, including that: (1) for purposes of removal and asylum, his wire fraud conspiracy conviction does not constitute an aggravated felony; (2) for purposes of withholding of removal, there was insufficient evidence to support the finding that his wire fraud conspiracy was particularly serious, and consideration of his arrest history violated his due process rights; (3) the United States government violated his due process rights by "enticing him to be an informant" in a tax fraud scheme and then prosecuting him for his participation; (4) he is eligible for CAT relief because he

3

will be singled out and tortured in a Haitian prison on account of his mental illnesses; and (5) the BIA erred in denying his motion to remand to consider additional documents supporting his claim that he would be harmed in Haiti because he had been an FBI informant.

For the reasons that follow, we conclude that we lack jurisdiction to review all of Jeudy's claims because either: (1) he did not administratively exhaust them; or (2) they were not colorable constitutional claims or questions of law that would overcome the criminal-alien jurisdictional bar.[1]  We first outline the relevant jurisdictional principles and then Jeudy's claims.

## II.  JURISDICTIONAL BARS

### A.    Criminal Alien

Under the INA, this Court lacks jurisdiction to review any final removal order "against an alien who is removable by reason of having committed" an aggravated felony.  See INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (cross-referencing INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii)).  However, we retain jurisdiction to review questions of law or constitutional issues, which includes the threshold jurisdictional issue of whether the petitioner is "(1) an alien; (2) who is removable; (3) based on having committed a disqualifying offense."

---

[1]This Court reviews its subject-matter jurisdiction de novo.  Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

4

Keungne v. U.S. Att'y Gen., 561 F.3d 1281, 1283 (11th Cir. 2009) (quotation marks omitted).

If these conditions are met, this Court is divested of jurisdiction to review the removal order, except to the extent the alien raises constitutional challenges and questions of law. Id. at 1248, INA § 242(a)(2)(C), (D); 8 U.S.C. § 1252(a)(2)(C), (D). To retain jurisdiction, however, constitutional claims must be "colorable." Alhuay v. U.S. Att'y Gen., 661 F.3d 534, 548 n.15 (11th Cir. 2011). Therefore, "we lack jurisdiction over abuse of discretion claims merely couched in constitutional language." Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 (11th Cir. 2007). Similarly, we lack jurisdiction over challenges to the sufficiency of the evidence framed as questions of law. Garcia v. Att'y Gen. of U.S., 329 F.3d 1217, 1222 (11th Cir. 2003).

**B.    Exhaustion of Administrative Remedies**

Under INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), we also lack jurisdiction to consider a claim the petitioner failed to raise before the BIA, even if the BIA considered it sua sponte. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). This jurisdictional exhaustion requirement extends to procedural due process claims that are within the purview of the BIA. Id. at 1251. Moreover, to exhaust a claim before the BIA, the petitioner must do more than merely identify an issue to that body; a petitioner has not exhausted a claim unless

5

he both raised the "core issue" before the BIA and also set forth any discrete arguments he relied on in support of the claim.  Jeune v. U.S. Att'y Gen., 810 F.3d 792, 800 (11th Cir. 2016).  We now turn to Juedy's claims.

### III.  JEUDY'S AGGRAVATED FELONY CLAIM

The IJ and the BIA determined that Jeudy was removable and thus ineligible for asylum because his wire-fraud conspiracy conviction constituted an aggravated felony under INA § 101(a)(43)(M)(i), 8 U.S.C. § 1101(a)(43)(M)(i).  An offense is an aggravated felony if it involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.  INA § 101(a)(43)(M)(i), 8 U.S.C. § 1101(a)(43)(M)(i).  Conspiracy to commit such an offense is also considered an aggravated felony.  INA § 101(a)(43)(U), 8 U.S.C. § 1101(a)(43)(U).

Jeudy does not dispute that he is an alien and that in 2015 he pled guilty to, and was convicted of, the federal offense of conspiracy to commit wire fraud.  Jeudy argues that his wire-fraud conspiracy conviction cannot be considered an "aggravated felony" because it was obtained "with an illegal charging instrument" and because the charged conspiracy had no "aggravating circumstances."

While we ordinarily retain jurisdiction to consider the legal question of whether a conviction is for an aggravated felony, here Jeudy failed to raise the issue before the BIA.  In fact, Jeudy's notice of appeal and brief filed with the BIA do not challenge at all his removability for having committed an aggravated felony

6

or the IJ's determination that he was statutorily ineligible for asylum because of his aggravated felony.

Accordingly, because Jeudy failed to exhaust these issues, we lack jurisdiction to review them.  Moreover, because Jeudy is removable by reason of having committed an aggravated felony, we lack jurisdiction to review his petition except to the extent it raises colorable constitutional claims or questions of law.

## IV.  PARTICULARLY SERIOUS CRIME BAR TO WITHHOLDING OF REMOVAL

Jeudy argues that the IJ erred in concluding that his wire-fraud conspiracy offense was a "particularly serious crime" that rendered him ineligible for withholding of removal.  Jeudy exhausted this issue by raising it before the BIA.

An alien is ineligible for withholding of removal if he has been convicted of a particularly serious crime.  INA § 241(b)(3)(B)(ii), 8 U.S.C. § 1231(b)(3)(B)(ii).  In this context, Congress has defined the phrase "particularly serious crime" as follows:

> [A]n alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime. The previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime.

INA § 241(b)(3)(B), 8 U.S.C. § 1231(b)(3)(B).  In other words, a conviction for an aggravated felony that results in a prison sentence of at least five years is per se a

7

particularly serious crime, but when a conviction "is not a <u>per se</u> particularly serious crime," the Attorney General has discretion to determine on a case-by-case basis whether the alien has committed a particularly serious crime. <u>Lapaix v. U.S. Att'y Gen.</u>, 605 F.3d 1138, 1143 (11th Cir. 2010). In making the particularly serious crime determination, the IJ and the BIA may rely solely on the elements of the offense but may also consider additional evidence "and look to such factors as the nature of the conviction, the circumstances of the underlying facts of the conviction, [and] the type of sentence imposed." <u>Id.</u> (quotation marks omitted, alteration in original).

Because Jeudy received a 30-month prison sentence, whether his wire-fraud conspiracy offense constitutes a particularly serious crime is a discretionary determination that we ordinarily would review for an abuse of discretion. <u>See</u> <u>Crespo-Gomez v. Richard</u>, 780 F.2d 932, 934-35 (11th Cir. 1986). Here, however, because of the criminal-alien jurisdictional bar, our jurisdiction is limited to constitutional questions and questions of law. In other words, we can consider only whether the IJ and the BIA applied the wrong legal standards and not whether there was an abuse of discretion.

Jeudy's specific challenge to the IJ's particularly-serious-crime determination does not raise a colorable question of law. Jeudy argues here, as he did before the BIA, that he was only a minor participant in the wire-fraud

8

conspiracy.  Jeudy's argument essentially challenges the weight the IJ and the BIA assigned to the evidence and amounts to a claim that the IJ and the BIA abused their discretion, a claim we cannot review.  See Cole v. U.S. Att'y Gen., 712 F.3d 517, 534 (11th Cir. 2013) (stating that we lack jurisdiction under § 242(a)(2)(D, 8 U.S.C. § 1252(a)(2)(D) to review the "weight and significance given to various pieces of evidence"); Jimenez-Galicia v. U.S. Att'y Gen., 690 F.3d 1207, 1210-11 (11th Cir. 2012) (explaining that under INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), "[w]e have no jurisdiction to consider 'garden-variety abuse of discretion' arguments about how the BIA weighed the facts in the record").

For the first time, Jeudy also argues that consideration of his history of arrests violated his due process rights.  Jeudy did not raise this due process claim before the BIA, and thus did not exhaust it.  In any event, we note that neither the IJ nor the BIA referred to Jeudy's arrest history in evaluating the seriousness of his wire-fraud conspiracy.[2]

---

[2]Also for the first time, Jeudy claims that the U.S. government violated his due process rights by "enticing him to be an informant" and then prosecuting him for wire fraud.  Not only did Jeudy fail to exhaust this due process claim before the BIA, the claim is not colorable.  An alien's purported due process claim collaterally challenging the validity of his underlying conviction is not reviewable in removal proceedings.  Mohammed v. Ashcroft, 261 F.3d 1244, 1251 (11th Cir. 2001).  Thus, we lack jurisdiction to review Jeudy's due process challenge to his underlying wire-fraud conspiracy conviction.

## V.  CAT CLAIM

In his petition for review to this Court, Jeudy does not challenge the denial of his CAT claim based on his fear that corrupt Haitian police officers related to his co-conspirator would torture him in retaliation for his cooperating with the FBI. Instead, Jeudy raises a wholly new ground for CAT relief never considered by either the IJ or the BIA.  Specifically, Jeudy contends that he takes medication for schizophrenia, anxiety, depression, and bipolar disorder and that he will be tortured in a Haitian prison for these mental illnesses.

Given that Jeudy never raised this ground for CAT relief in his immigration proceedings, it goes without saying that he failed to administratively exhaust it before the BIA.  Furthermore, Jeudy's newly raised CAT claim does not raise either a constitutional challenge or a pure question of law that this Court retains jurisdiction to review.  See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); Cole, 712 F.3d at 532-33 (explaining that a CAT determination presents a mixed question of law and fact).  For these reasons, we lack jurisdiction to address Jeudy's challenge to the denial of CAT relief.

## VI.  DENIAL OF REMAND BASED ON ADDITIONAL EVIDENCE

In his appeal to the BIA, Jeudy complained that he had not been given sufficient time to gather "certain credentials" to support his claim that he was threatened and feared for his life.  While his BIA appeal was pending, Jeudy filed

10

additional documents, which consisted of: (1) a letter from Jeudy's criminal defense attorney stating that the government had found Jeudy's cooperation very helpful and at sentencing had recommended a term of probation because of Jeudy's testimony against several defendants; (2) a letter purportedly from an FBI special agent describing Jeudy's cooperation and testimony in prosecuting Toussaint and stating that Jeudy received threats before and after he testified; and (3) purported August 2014 Facebook messages from Toussaint's father threatening Jeudy for betraying his son.

The BIA construed Jeudy's submission as a motion to remand based on new evidence and denied the motion after concluding that Jeudy had not shown the evidence was previously unavailable or would change the result of his case. See 8 C.F.R. § 1003.2(c)(1), (4); Matter of Rivas, 26 I. & N. Dec. 130, 135 (BIA 2013) (stating that "the requirements for a motion to remand are essentially the same as a motion to reopen).

In his petition for review, Jeudy again states that he was still in the process of obtaining "certain credentials to support his claims" when he appealed to the BIA. Jeudy complains that the BIA rejected these documents, which he argues corroborated his claim that he will be harmed in Haiti because he cooperated with the FBI.

To the extent Jeudy challenges the BIA's denial of his motion to remand based on new evidence, we lack jurisdiction to review the BIA's ruling.  See Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1262 (11th Cir. 2003) (concluding that when this Court lacks jurisdiction to review the final order of removal due to a jurisdiction-stripping provision in the INA it also lacks jurisdiction to review a denial of a motion to reopen the removal proceedings).

Of course, we must construe Jeudy's pro se petition liberally.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  To the extent Jeudy contends his due process rights were violated because he was given insufficient time to gather evidence, this constitutional claim is not colorable.  Jeudy had more than six months between the initiation of removal proceedings in June 2017 and his final removal hearing in January 2018.  The IJ continued the removal hearing twice at Jeudy's request, giving Jeudy almost two additional months to gather evidence. By the time of his final removal hearing, Jeudy had submitted documents along with his asylum application and did not reassert that he needed more time or that he was missing any evidence.  When Jeudy submitted additional documents to the BIA on appeal, the BIA considered them and concluded that they would not have changed the outcome of the IJ's decision and thus did not warrant a remand.

12

Under these particular circumstances, any due process claim would be so lacking in merit as to not be colorable.  See Alhuay, 661 F.3d at 548 n.15.[3]

**PETITION DISMISSED.**

---

[3]Attached to his brief with this Court, Jeudy filed a new August 2018 letter from an Assistant United States Attorney ("AUSA") in the Southern District of Florida that described Jeudy's critical role as a cooperating informant and witness in the prosecution of Toussaint. Because our review is limited to the administrative record before the BIA, we cannot consider this letter or remand for the BIA to do so.  See INA § 242(a)(1), (b)(4)(A), 8 U.S.C. § 1252(a)(1), (b)(4)(A); see also Al Najjar v. Ashcroft, 257 F.3d 1262, 1278-81 (11th Cir. 2001). Even if we were to consider it, the AUSA's letter is cumulative of the letters from his defense counsel and FBI handler that Jeudy submitted to the BIA and which the BIA found would not have changed the outcome of his removal proceedings.